UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00190-GNS

TONY ALLISON                                                                              PLAINTIFF

v.

STAPLES THE OFFICE SUPERSTORE EAST, INC.                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Objections of Defendant Staples the Office Superstore East, Inc. ("Staples") to the Orders by Magistrate Judge H. Brent Brennenstuhl entered May 6, 2015 (DN 33) and May 29, 2015 (DN 36) extending the time for discovery and resolving various discovery disputes. For the reasons discussed below, Staples' objections are overruled in part and sustained in part.

        **I.**         **STATEMENT OF FACTS AND CLAIMS**

This lawsuit involves various discrimination claims arising under federal and state law asserted by a former employee against his former employer. At the outset of the case, the Court referred all discovery motions to the Magistrate Judge.

During the course of discovery, Plaintiff Tony Allison ("Allison") filed a motion relating to existing discovery deadlines and an unresolved discovery issue. (Pl.'s Mot. for Extension of Disc. and for the Court to Resolve Various Disc. Disputes, DN 29). The deferred issue involved Allison's request for other sexual harassment complaints filed against Jay Peek ("Peek")—the same person about whom Allison had complained—. (Pl.'s Mot. to Extend Disc. Deadline and for the Court to Resolve Various Disc. Disputes 5). The issue also involved Allison's request that

1

Staples produce the employment file of a number of former employees pertaining to any disciplinary action or promotions and EEOC documents regarding sexual harassment complaints made within the same district as the Bowling Green store. (Pl.'s Mot. to Extend Disc. Deadline and for the Court to Resolve Various Disc. Disputes 4-5). The Magistrate Judge granted the motion in part and deferred the matter in part to a later telephonic conference. (Order, DN 32). Staples then objected to the order. (Def.'s Objection to Order on Pl.'s Mot. for Extension of Disc. & for the Court to Resolve Various Disc. Disputes, DN 33).

Subsequently, Staples moved for an extension of time to file dispositive motions. (Def.'s Motion for Extension of Dispositive Mot. Deadline, DN 34). On May 22, 2015, the Magistrate Judge held a telephonic conference with the parties to discuss the pending motions, and subsequently issued an order memorializing the Court's decision at that conference. (Order, DN 35). In that order, the Magistrate Judge: 1) clarified that discovery shall be completed no later than October 1, 2015; 2) directed Staples to provide Allison with any information pertaining to any sexual harassment complaints against Jay Peek since the year 2000; 3) instructed Staples to contact the EEOC to determine if there have been any sexual harassment complaints regarding any Staples stores within the district which contains the Bowling Green store; and 4) directed Staples to produce any information in personnel files pertaining to any disciplinary action or promotions of employees previously identified by Allison. (Order, DN 35). Staples then objected to that order as well. (Def.'s Objection to Order on Mot. for Miscellaneous Relief, DN 36).

## II. STANDARD OF REVIEW

This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. Section 636(b) articulates the applicable standard of review for objections to the rulings of a Magistrate Judge on discovery matters. *See* 28 U.S.C § 636(b) ("A judge of the court may reconsider any pretrial matter under subparagraph (A) [relating to nondispositive orders] where it has been

2

shown that the magistrate's order is clearly erroneous or contrary to law."). Rule 72 of the Federal Rule of Civil Procedure has implemented this provision and provides that the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Sixth Circuit has determined that this standard of review is a limited one. *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citation omitted). Indeed, the "clearly erroneous" standard is highly deferential and this district has previously recognized:

> A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with 'a definite and firm conviction that a mistake has been committed.' Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or the only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable.

*Guiden v. Leatt Corp.*, No. 5:10-CV-00175, 2013 WL 4500319, *3 (W.D. Ky. Aug. 21, 2013) (quoting *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)) (citation omitted).

The legal conclusions of a Magistrate Judge "are reviewed under the plenary 'contrary to law' standard." *Id.* at *4 (citing *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995). A district court may overturn the legal conclusion of the Magistrate Judge only if the legal conclusions contradict or ignore applicable precepts of law found in the Constitution, statutes, or case precedent. *Gandee v. Glaser*, 785 F. Supp. 684, 685 (S.D. Ohio) (citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983). Thus, the Court may exercise its independent judgment with respect to the legal conclusions reached by the Magistrate Judge. *Hawkins v. Ohio Bell Tel. Co.*, 93 F.R.D. 547, 551 (S.D. Ohio 1982), *affirmed*, 785 F.2d 308 (6th Cir. 1986).

### III. DISCUSSION

#### A. Extension of Discovery Deadline

First, the Magistrate Judge's determination that discovery should be extended to October 1, 2015, is neither clearly erroneous nor contrary to law. Staples contends that Allison has failed to show good cause for an extension of the discovery deadline and that the Magistrate Judge erroneously placed the burden of showing a "clear lack of diligence" on Staples, "where instead caselaw interpreting Rule 16 requires that [Allison] bear the burden of establishing good cause." (Def. Objection, DN 33). The record, however, demonstrates that there is more than sufficient evidence that "good cause" existed in this case. While both parties acknowledge that discovery has not been expeditious in this case, there is clear evidence that Allison has been attempting to schedule depositions and conduct discovery with a number of witnesses located across a wide geographic area. (Pl.'s Reply in Supp. of Pl.'s Mot. to Extend Disc. Deadline and for the Court to Resolve Various Disc. Disputes 1, DN 31). As noted by the Magistrate Judge, the practice of law does not occur in a vacuum and the reality of legal practice must be considered. Given the large number of depositions that still need to be taken and the high degree of deference District Judges afford Magistrate Judge's discovery orders, there is no indication that the extension of the discovery deadline to October 1, 2015, is in anyway "clearly erroneous or contrary to law."

Furthermore, Staples' assertion that the Magistrate Judge erroneously misplaced the burden of showing diligence mischaracterizes the order. As previously discussed, the Magistrate Judge was presented with sufficient evidence to determine that Allison could demonstrate diligence and establish "good cause." The language within the order reflects that conclusion in that the Magistrate Judge noted that "the undersigned is not persuaded that there has been a clear lack of diligence . . . ." Thus, this order was neither clearly erroneous nor contrary to law.

Because the date of disclosure of experts passed well before Allison's motion for extended discovery without either party disclosing an expert, the Court overrules Paragraph 5 of the Magistrate Judge's order to the extent that the order reopens expert discovery. In all other aspects, the Court overrules Staples' objections regarding the May 6, 2015, order.

### B. Production of Sexual Harassment Complaints

Staples contends that the Magistrate Judge erred in compelling production of sexual harassment complaints made against Peek since the year 2000 because, according to Staples, the motion is not properly before the court "as the motion is not formally characterized as a motion to compel," and Staples "does not believe that [Allison] has made appropriate efforts to the resolve the issues before presenting a motion related to discovery." (DN 32).

Staples' procedural arguments are without merit. The Magistrate Judge clearly noted and considered Staples' procedural objections. *Id*. While no explicit request for the sexual harassment complaints was made, there were explicit requests for production of Jay Peek's personnel file, including all disciplinary records. (Pl.'s First Set of Interrogs. and Reqs. for Produc. of Docs. 9, DN 11-1). This request is broad enough to include documents reflecting complaints and investigations of sexual harassment contained with his personnel file. Rule 1 of the Federal Rules of Procedure requires that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." The Magistrate Judge sought to clarify and reaffirm that any sexual harassment claim was part of the requested records and should be produced. Thus, the order is not erroneous.

Furthermore, Staples has failed to cite any case law within the district or this circuit that would constrain the "sound discretion of the trial court" on discovery matters. *Lestienne v. Layne*, No. 5:10-CV-200, 2011 WL 4744912, *1 (W.D. Ky. Oct. 7, 2011). Thus, to say that the order is contrary to law is inaccurate as well within the Court's broad discretion on matters of

discovery to compel production of sexual harassment complaints against Peek. *See Waters v. City of Morristown*, 242 F.3d 353, 363 (6th Cir. 2001) ("The discovery rules vest broad discretion in the trial court.")

Additionally, Staples' claim that sexual harassment complaints against Peek "have no possible relevance to [Allison's] claims" is also without merit. As noted by Staples, "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." (Def.'s Objection to Order on Mot. for Miscellaneous Reliefat 7, DN 36) (citing *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-CV-273, 2006 U.S. Dist. Lexis 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)). Implicit in the Magistrate Judge's Order compelling production is that he was convinced during the parties' telephonic conference that the information contained in the files was in fact relevant. Surely Staples did not convince him of that, so it must be Allison who successfully carried that burden. Thus, the Magistrate Judge's placement of the burden was neither clearly erroneous nor contrary to law. Furthermore, there are a number of potential theories of relevancy for information contained within the requested documents including evidence of Staples' investigation methods, evidence of whether Staples historically complies with its policies for reporting sexual harassment, etc. Even upon an independent assessment this Court is satisfied that the Magistrate Judge's order was neither "clearly erroneous" nor "contrary to law."

Finally, Staples complains that compelling the production of these records amounts to a endorsing a "fishing expedition." (Def.'s Objection at 9, DN 36). This, however, ignores the fact that the Court has "broad discretion in determining the contours of discovery." *Dickson v. Nat'l Maint. & Repair of Ky., Inc.*, No. 5:08-CV-8, 2011 WL 2610195, at *2 (W.D. Ky. July 1, 2011). As previously discussed, the Magistrate Judge did not err in determining that the documents

were relevant, and Rule 26 of the Federal Rule of Civil Procedure notes that relevant information need not even be admissible "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The production of these documents may likely to lead to the discovery of admissible evidence, if not become admissible evidence itself. Therefore, there is no way for this Court to conclude that the Magistrate Judge's Order was either "clearly erroneous" or "contrary to law."

      C.     **Production of Disciplinary and Promotion Records**

Staples' objection to production of the personnel files must fail for many of the same reasons discussed above. Despite Staples' claim that there is no possible theory of relevance and that production of these documents is essentially a fishing expedition, the Court can find no clear error in the Magistrate Judge's Order. Potentially relevant evidence, similar to that contained in the sexual harassment records discussed above, may well be contained within the requested personnel files. Furthermore, to say that compelling these records amounts to a fishing expedition wholly ignores the discretion of the Court in shaping discovery, as well as the high level of deference afforded to the rulings of the Magistrate Judge on nondispositive discovery motions. *Lestienne*, 2011 WL 4744912, at *1; *Guiden*, 2013 WL 4500319, at *3. There is no clear error or contradiction of law in the Magistrate Judge's order directing production of these documents.

      D.     **Production of EEOC Complaints**

Federal Rule of Civil Procedure 34 requires that parties produce records in the parties' possession, custody, or control. Staples cannot be made to conduct discovery on behalf of Allison, particularly where the documents sought are equally accessible to both parties and are available as public records. *See Ohio Graphco, Inc. v. RCA Capital Corp.*, No. 5:09-CV-00041-TBR, 2010 WL 411122, at *3 (W.D. Ky. Jan. 28, 2010) (stating that "Graphco is not entitled to

the production of pleadings, court files, or other court records, where such records are available as public record. Graphco has in no way asserted that the documents requested cannot be found as a matter of public record as asserted by APC in its response." (citation omitted)). Instead, it is appropriate to compel production of documentation *within Staples' control, custody, or possession* identifying charges and lawsuits in the district containing the Bowling Green store. Furthermore, Allison concedes that he is only seeking complaints beginning in 2003. (Pl.'s Mot. to Extend Disc. Deadline and for the Court to Resolve Various Disc. Disputes 5, DN 29). Thus, Staples is only required to produce documents relating to EEOC Complaints within Staples' control, custody, or possession for any sexual harassment complaints made by employees of stores within the same district as the Bowling Green store.

### IV.   CONCLUSION

For the reasons outlined above, **IT IS ORDERED THAT** Defendant's objections (DN 33) to Magistrate Judge Brennenstuhl's Order entered May 6, 2015, and objections (DN 36) to the Order entered on May 29, 2015, are **OVERRULED IN PART AND GRANTED IN PART.**

**Greg N. Stivers, Judge**
**United States District Court**
June 19, 2015

cc:   counsel of record